IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NORMAN NIELSON,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>UNION PACIFIC RAILROAD COMPANY, a Delaware corporation,<br><br>　　　　　　Defendant. | 8:23CV21<br><br>MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO RECONSIDER |

Plaintiff Norman Nielson has sued his former employer defendant Union Pacific Railroad Company for negligence under the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51. Filing 36. Nielson suffered an injury to his foot after it was compacted between the coupling mechanisms of two railcars. Filing 42 at 2 (¶ 11); Filing 48 at 5 (¶ 23). This Court granted Nielson's Motion for Partial Summary Judgment on Union Pacific's liability leaving the issue of damages for a jury trial. Filing 53. This case is now before the Court on Union Pacific's Motion to Reconsider that ruling. Filing 54. For the reasons set out below, Union Pacific's Motion to Reconsider is denied.

## I.　INTRODUCTION

The Court set out the pertinent factual background in its Memorandum and Order on Plaintiff's Motion for Partial Summary Judgment. Filing 53 at 2–5. The Court need not do so again, as the factual background has not changed in the interim.

Nielson filed his Motion for Partial Summary Judgment on April 1, 2024, seeking summary judgment on Union Pacific's liability and leaving damages to the jury. Filing 40. Nielson also sought summary judgment on two of Union Pacific's affirmative defenses: sole-cause and

1

contributory negligence. Filing 40. In its ruling on that Motion on June 20, 2024, the Court determined that Union Pacific violated a federal safety statute, 49 C.F.R. § 218.99(b)(3), and found an exception in 49 C.F.R. § 218.99(d) was not applicable. Filing 53 at 13–14. The Court also determined that Union Pacific's violation of that safety statute caused Nielsen's injury, so that Union Pacific is liable for negligence per se. Filing 53 at 14–16. The Court determined further that Union Pacific's negligence per se eliminated Union Pacific's sole-cause and contributory negligence affirmative defenses. Filing 53 at 16. These conclusions left the measure of Nielson's damages as the only issue for trial to a jury. Filing 53 at 17.

However, on August 26, 2024, more than two months after the Court's summary judgment ruling, Union Pacific filed the Motion to Reconsider now before the Court in an attempt to restore all issues for jury trial. Filing 54. Union Pacific contends that reconsideration is appropriate for two alternative reasons, which Union Pacific summarizes as follows:

> 6. First, the Court's grant of summary judgment on the basis of strict liability does not comport with Plaintiff's testimony that he was riding on the side of the auto car when the relevant movement began. Based on Nielson's testimony, the remote control operator's ("RCO") alleged failure to make a "track is clear" [(TIC)] determination prior to initiating the spotting movement in question (the "Movement") could not have been a proximate cause of Plaintiff's injury. Under Plaintiff's account, Plaintiff was not on the tracks ahead of the train in the direction in which the train was moving. Therefore, a reasonable inference can be drawn that the RCO would not [have] observed Nielson even if the RCO had made a new "track is clear" determination. In addition, even if the RCO had seen Nielson prior to the spotting movement, Nielson's testimony is that he was in an "allowed and customary" position (on the ladder on the side of the car with one hand and both feet on the ladder). Therefore, a reasonable inference can be drawn from Nielson's testimony that the RCO would have proceeded with the spotting movement anyway. If the new track is clear determination would not have prevented the accident, it cannot be a but-for cause of the accident.

> 7. Second, and alternatively, if the Court rejects Union Pacific's causation analysis, it is presumably because there are genuine issues of material fact, or the inferences which may be drawn from the facts, namely disputes as Nielson's location at the time the movement was made or what Moore would have seen had he made a new TIC determination. To the extent there are genuine issues of material fact, or the inferences to be drawn from the facts, summary judgment is not properly granted and the Court's order, respectfully, should be reversed.

Filing 54 at 2–3 (¶¶ 6–7).

In an Order filed on February 1, 2024, the jury trial in this matter was set to begin on October 15, 2024. Filing 35. Thus, the parties were well aware of the approach of trial-related deadlines and trial itself after the Court entered its summary judgment ruling. A final pretrial conference was held on September 10, 2024, and the Order on Final Pretrial Conference was filed on September 13, 2024. Filing 60. On September 17, 2024, Nielson filed four separate Motions in Limine, Filings 62, 64, 66, and 68, and Union Pacific filed its Motions in Limine Nos. 1–6 in a single filing, Filing 72. Thus, at the time Union Pacific filed its Motion to Reconsider, the parties were entering the final stages of trial preparation. On September 9, 2024, Nielson filed his Brief Opposing Union Pacific Railroad Company's Motion to Reconsider. Filing 57. On September 16, 2024, Union Pacific filed its Reply, Filing 61, completing the briefing on the Motion to Reconsider.

## II. LEGAL ANALYSIS

The Court does not find it necessary to address all the arguments made by the parties concerning the Motion to Reconsider. Rather, the Court finds that the dispositive issue is that the Motion to Reconsider is improper. The Court begins its analysis of that issue with a summary of the parties' pertinent arguments.

## A. The Parties' Arguments

Union Pacific requests that the Court exercise its discretion under subsections (1) and (6) of Rule 60(b), reverse its prior grant of partial summary judgment to Nielson on his strict liability claim, and allow the case to proceed to trial on all claims and defenses. Filing 55 at 5. However, Union Pacific does not explain how (or whose) "mistake, inadvertence, surprise, or excusable neglect" warrants reconsideration of the Court's ruling on Nielson's Motion for Partial Summary Judgment. *See* Fed. R. Civ. P. 60(b)(1) (stating that a party may be relieved from an order for "mistake, inadvertence, surprise, or excusable neglect"). It appears that the reason Union Pacific seeks reconsideration is simply its view that the Court got the "causation" analysis and the reasonable inferences from evidence all wrong, presumably relying on Rule 60(b)(6)—the catchall provision providing for reconsideration for "any other reason that justifies relief"—as authorizing its Motion. Filing 54 at 2–3 (¶¶ 6–7).

Nielson responds that Union Pacific's Motion is improper under Rule 60(b) requirements, because Union Pacific filed it over two months after the Court issued its order and because the Motion raises only speculative arguments that are not based on new facts or new law. Filing 57 at 1. Thus, Nielson questions why Union Pacific could not have brought its newly found arguments during regular motion practice or why it waited until the case was on the "doorstep of trial" before filing its Motion. Filing 57. Nielson asserts that there is no showing of "exceptional circumstances" warranting relief under Rule 60(b). Filing 57 at 3.

In its reply, Union Pacific argues that it is not just remaking the same arguments nor is it offering new evidence that was previously available. Filing 61 at 3. Union Pacific explains,

> The arguments in the Motion to Reconsider (Filing 54) were not previously raised because Nielson's motion, and the parties' briefing, were focused on whether a new TIC determination was needed at all. As Union Pacific interpreted the rules

4

and regulations, a new TIC determination was not needed. As such, it was unnecessary to take the next step and assess what a new TIC determination would have looked like based on Nielson's and Moore's sworn testimonies. It was only when the Court granted Nielson's motion, but did not undertake such an analysis, that the missing link in the causal chain revealed itself. Reconsideration is appropriate under such circumstances.

Filing 61 at 3. Union Pacific also argues that its Motion was well within the time permitted by the Federal Rules of Civil Procedure and that Nielson makes no claim of prejudice. Filing 61 at 4.

### B. Standards for Motions to Reconsider

"A 'motion for reconsideration' is not described in the Federal Rules of Civil Procedure, but such a motion is typically construed either as a Rule 59(e) motion to alter or amend the judgment or as a Rule 60(b) motion for relief from judgment." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 997 (8th Cir. 2017) (citation omitted). However, the Eighth Circuit Court of Appeals has explained, "Rule 59(e) motions are motions to alter or amend a *judgment*, not any nonfinal order." *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999) (emphasis in original)); *Kohlbeck v. Wyndham Vacation Resorts, Inc.*, 7 F.4th 729, 734 n.2 (8th Cir. 2021) (noting that a motion under Rule 59(e) "is reserved for final judgments"). The Eighth Circuit has explained that it "construes motions for reconsideration of non-final orders as motions under Rule 60(b). . . ." *Kohlbeck*, 7 F.4th at 734 n.2 (citing *Williams v. York*, 891 F.3d 701, 706 (8th Cir. 2018)).

As the Eighth Circuit also explained,

[a]n order denying summary judgment is typically nonfinal because it does not "end[ ] the litigation on the merits." *Green Tree Fin. Corp.–Ala. v. Randolph*, 531 U.S. 79, 86, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000) (citation omitted); *see also* 28 U.S.C. § 1291 (granting appellate courts jurisdiction over "final decisions of the district courts"). In fact, almost by definition, it keeps the litigation going, which means that the party who loses must generally wait until the case is over to appeal. *See Langford v. Norris*, 614 F.3d 445, 455 (8th Cir. 2010).

*Washington v. City of St. Louis, Missouri*, 84 F.4th 770, 773 (8th Cir. 2023). Similarly, an order granting summary judgment that does not end the case is not final. *See Kohlbeck*, 7 F.4th at 736 (stating that the district court's order granting summary judgment was not final where it determined liability and ordered the parties to file a motion to determine the damages amount). Specifically, an order granting a motion for partial summary judgment—such as a ruling on liability on a claim that leaves open the question of damages—is not final. *Perficient, Inc. v. Munley*, 43 F.4th 887, 890 (8th Cir. 2022). Thus, Rule 60(b) is the relevant rule in the situation presented here, where the Court has determined liability on a motion for partial summary judgment but has left open the question of damages for a jury's determination. *Id.*

> Rule 60(b) provides,
>
> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> **(1)** mistake, inadvertence, surprise, or excusable neglect;
>
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> **(4)** the judgment is void;
>
> **(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> **(6)** any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

> The Eighth Circuit Court of Appeals has elaborated on the Rule 60(b) standards, as follows:
>
> Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Jones v. Swanson*, 512 F.3d 1045,

1048 (8th Cir. 2008) (quotation omitted); *Noah v. Bond Cold Storage*, 408 F.3d 1043, 1045 (8th Cir. 2005) (per curiam). "We will reverse a district court's ruling on a Rule 60(b) motion only if there was a clear abuse of the court's broad discretion." *Bennett v. Dr Pepper/Seven Up, Inc.*, 295 F.3d 805, 807 (8th Cir. 2002). Relevant here, "[a]n error of law is necessarily an abuse of discretion." *City of Duluth v. Fond du Lac Band of Lake Superior Chippewa*, 702 F.3d 1147, 1152 (8th Cir. 2013).

*Williams*, 891 F.3d at 706; *accord Wagstaff & Cartmell, LLP v. Lewis*, 40 F.4th 830, 842 (8th Cir. 2022) ("[Federal] Rule [of Civil Procedure] 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." (quoting *In re Levaquin Prod. Liab. Litig.*, 739 F.3d 401, 404 (8th Cir. 2014))).

Thus, "[i]n the civil context, [the Eighth Circuit] has been clear that a motion for reconsideration 'serve[s] the limited function of correcting manifest errors of law or fact or . . . present[ing] newly discovered evidence.'" *United States v. Luger*, 837 F.3d 870, 875 (8th Cir. 2016) (quoting *Bradley Timberland Res. v. Bradley Lumber Co.*, 712 F.3d 401, 407 (8th Cir. 2013)); *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) ("Motions for reconsideration [pursuant to Rule 60(b)] serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988))). This limitation means that "[a] court of appeals 'will typically not consider an issue or a new argument raised for the first time in a motion for reconsideration [pursuant to Rule 59(e) or Rule 60(b)] in the district court.'" *Brown v. Louisiana-Pac. Corp.*, 820 F.3d 339, 348 (8th Cir. 2016) (quoting *U.S. Bank Nat'l Ass'n v. Verizon Commc'ns, Inc.*, 761 F.3d 409, 425 (5th Cir. 2014), *cert. denied*, 574 U.S. 1156 (2015)). Nor will a district court. *Arnold*, 627 F.3d at 721 (explaining that a motion for reconsideration pursuant to Rule 60(b) "is also not the appropriate place to 'tender new legal theories for the first time'" (quoting *Hagerman*, 839 F.2d at 414)). Similarly, Rule 60(b) motions are not appropriate simply to reargue the merits of a

7

claim or prior motion. *Broadway*, 193 F.3d at 989–90 ("In their 'motion for reconsideration,' defendants did nothing more than reargue, somewhat more fully, the merits of their claim of qualified immunity. This is not the purpose of Rule 60(b). It authorizes relief based on certain enumerated circumstances (for example, fraud, changed conditions, and the like). It is not a vehicle for simple reargument on the merits. This ground alone is sufficient to prevent a holding that the District Court abused its discretion in denying the motion.").

### C. The Deficiencies in Union Pacific's Motion to Reconsider Warrant Denial of the Motion

Union Pacific's Motion does not serve the limited function of a motion to reconsider to correct manifest errors of law or fact or to present newly discovered evidence. *See Luger*, 837 F.3d at 875. Instead, Union Pacific has conceded that it is making new arguments that it failed to raise in response to Nielson's Motion even though the evidence that purportedly supports the new arguments was available at the time Nielson's Motion was pending. *See* Filing 61 at 3 (admitting that "[t]he arguments in the Motion to Reconsider (Filing 54) were not previously raised"). Neither the appellate courts nor the district courts will grant a motion to reconsider under such circumstances. *See Brown*, 820 F.3d at 348; *Arnold*, 627 F.3d at 721.

In addition, Union Pacific's reliance on subsection (1) of Rule 60(b)—providing relief from an order for "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1)—is misplaced. Union Pacific was unquestionably mistaken in cabining its opposition to partial summary judgment narrowly to address only whether a new TIC determination was needed at all. *See* Filing 61 at 3 (explaining that Union Pacific limited its response to Nielson's Motion for Partial Summary Judgment in this way). Such a mistake was not excusable, when controlling law made clear that causation had to be shown for Nielson to obtain summary judgment on liability.

8

Specifically, the United States Supreme Court explained, "If negligence is proved [ ] and is shown to have played any part, even the slightest, in producing the injury, then the carrier is answerable in damages even if the extent of the injury or the manner in which it occurred was not probable or foreseeable." *CSX Transp., Inc. v. McBride*, 564 U.S. 685, 703–04 (2011) (cleaned up). To defeat summary judgment on liability, Union Pacific thus bore the burden to generate genuine issues of material fact on causation, but Union Pacific failed to carry that burden. *See Jones v. Wellpath, LLC*, 77 F.4th 658, 662 (8th Cir. 2023) ("The nonmovant 'must do more than simply show that there is some metaphysical doubt as to the material facts,' and must come forward with 'specific facts showing that there is a genuine issue for trial.'" (quoting *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc)). Still further, the "mistake" was Union Pacific's not the Court's, distinguishing this case from a prior case on which Union Pacific relies. *See Kuecker Logistics Grp., LLC v. Greater Omaha Packing Co.*, No. 8:20CV307, 2023 WL 8187406, at *7 (D. Neb. Nov. 27, 2023) ("The Court's statement that '[t]his case shall proceed to trial solely on the question of whether GOP is entitled to the damages it claims for replacement of software for the box optimization system,' failed to account for KLG's own damages claims, so that statement was at best the result of mistake or inadvertence and at worst a 'manifest error.'" (internal record citation omitted)). A motion for reconsideration is not the vehicle to relieve a party from a self-inflicted failure to present relevant arguments the first time around.

The circumstances presented here also do not involve the sort of "exceptional circumstances" that may warrant the "extraordinary relief" that Rule 60(b) provides. *See Wagstaff & Cartmell, LLP*, 40 F.4th at 842; *Williams*, 891 F.3d at 706. Instead, Union Pacific seeks to reargue the merits of Nielson's prior Motion, albeit with amplifications that Union Pacific could and should have raised the first time. *See Broadway*, 193 F.3d at 989-90 (explaining that it is not

9

the purpose of a motion for reconsideration to "d[o] nothing more than reargue, somewhat more fully, the merits of their [position]"). Again, Union Pacific's self-inflicted failure to present relevant arguments the first time around is not an "exceptional circumstance" that may warrant the "extraordinary relief" that Rule 60(b) provides under either Rule 60(b)(1) or (2).

Union Pacific's arguments that its Motion was well within the time permitted by the Federal Rules of Civil Procedure and that Nielson makes no claim of prejudice, Filing 61 at 4, also miss the point in the circumstances of this case. Even if technically timely, Union Pacific's Motion was filed less than two months before trial in the midst of preparation of the Final Pretrial Order and with other pretrial deadlines rapidly approaching. The disruption of trial preparations has plainly caused prejudice to Nielson, as Union Pacific attempts to reopen all the previously resolved issues for the jury's consideration when—as Nielson correctly puts it—the case had already arrived on the "doorstep of trial." Filing 57 (complaining that Union Pacific waited until the case was on the "doorstep of trial" before filing its Motion). The Motion prejudicially diverted Nielson's attention from trial preparation because it could have required dramatic last-minute changes to his trial preparation, evidence, and strategy.

Under these circumstances, the Court finds that Union Pacific's Motion is improper under Rule 60(b). This reason alone justifies denial of Union Pacific's Motion.

### D. The Motion to Reconsider Is Without Merit

Finally, the Court finds no merit in Union Pacific's arguments for reconsideration. Union Pacific now asserts that even if Nielson's foreman, Moore, had made a new TIC determination, he would have concluded that the track was clear and proceeded with the movement that crushed Nielson's foot. Filing 55 at 11. Consequently, Union Pacific argues that Moore's violation of the

TIC regulation was not a proximate cause of Nielson's injury. Filing 55 at 11. The essential part of Union Pacific's argument is this:

> [T]o make a TIC determination, Moore needed only to look at the track in the direction of the movement to make sure the track was clear. Here, the facts are undisputed that the shove movements were being made in a *southerly* direction. The evidence is further undisputed that at the time Moore made the spotting movement, Nielson was 3 or 4 cars to the north of Moore.
>
> Given these uncontroverted facts, a reasonable inference can be drawn that even if Moore had made a visual inspection of the tracks to the south of the train, *i.e.*, made a new TIC determination as required by 49 C.F.R. § 218.99, Moore *still* would have made the spotting movement that resulted in Nielson's foot injury because Moore would have had no reason under 49 C.F.R. §218.99 not to. Nielson was not fouling the track to the south of the train, nor was the track being fouled by rolling equipment, on-track maintenance of way equipment, or conflicting on-track movements.

Filing 55 at 14–15 (emphasis in the original; footnotes and record citations omitted). However, this argument is premised on Union Pacific's misconception that a proper TIC would have required that Moore only inspect the track "south of the train." Filing 55 at 15. The regulation defining "track is clear" cited by Union Pacific states, "Track is clear means . . . [t]he portion of the track to be used for the intended movement is unoccupied by rolling equipment, on-track maintenance-of-way equipment, and conflicting on-track movements" and that "[t]he portion of the track to be used for the intended movement has sufficient room to contain the rolling equipment being shoved or pushed." 49 C.F.R. § 218.93 ("Track is clear" definitions subparagraphs (1) and (4)). As a matter of plain meaning, "the portion of the track to be used for the intended movement" of the "shove" or "spotting" maneuver that crushed Nielson's foot was the track where the engine and every railcar in the "cut" would move, not just the track to the south of the south end of the "cut." Also, contrary to Union Pacific's argument, no reasonable jury could find that Nielson was in an "allowed and customary position" on the ladder on the side of a railcar when Moore would have

11

made the new TIC. Filing 55 at 16; *see also Schilf v. Eli Lilly & Co.*, 687 F.3d 947, 948 (8th Cir. 2012) ("An issue is genuine if the evidence is sufficient to persuade a reasonable jury to return a verdict for the nonmoving party." (quotations omitted)). If Nielson had been on the ladder when Moore did a TIC before commencing the "shove" maneuver, Moore's foot would not have been in a position to be crushed between the coupling mechanisms of the two railcars. Thus, Moore's failure to abide the TIC regulation "played a part—no matter how small—in bringing about the injury," *McBride,* 564 U.S. at 715, because a proper TIC determination would have revealed that Nielson was indeed not clear of the track. In other words, Union Pacific's negligence per se indisputably played some part in Nielson's injury. *See* Filing 53 at 16.

Under these circumstances, Union Pacific's Motion to Reconsider must also be denied on the merits.

### III. CONCLUSION

Upon the foregoing,

IT IS ORDERED that Union Pacific's Motion to Reconsider, Filing 54, is denied.

Dated this 26th day of September, 2024.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge

12