IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NORMAN NIELSON,<br><br>                  Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD COMPANY, a Delaware corporation,<br><br>                  Defendant. | 8:23CV21<br><br>**ORDER SETTING TIME LIMITS AND ALLOCATING TIME FOR TRIAL** |

      This matter is before the Court upon review of the Final Pretrial Conference Order, Filing 60, for the jury trial set to commence at 9:00 a.m. on Tuesday, October 15, 2024. *See* Filing 35 (Trial Setting Order). This Order addresses the allocation of time for voir dire set out in § F. of the Final Pretrial Conference Order, Filing 60 at 7; the parties' requests and estimates for the length of trial set out in § J. of the Final Pretrial Conference Order, Filing 60 at 7; and most importantly the allocation of trial time. In addressing the parties' requests and estimates and making the time allocations below, the Court is mindful of Federal Rule of Civil Procedure 1, concerning the scope and purpose of the Federal Rules of Civil Procedure, which states that the United States district courts must construe the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

      More specifically, "[t]rial management decisions are within the court's discretion and are reversed only for an abuse of discretion." *Jackson v. Allstate Ins. Co.*, 785 F.3d 1193, 1203 (8th Cir. 2015) (quoting *Harris v. Chand*, 506 F.3d 1135, 1141 (8th Cir. 2007)). A trial judge has a "large degree of discretion" to control the examination of witnesses. *Massen v. Lucier*, 961 F.2d 717, 719 (8th Cir. 1992) (quoting *Skogen v. Dow Chem. Co.*, 375 F.2d 692, 704 (8th Cir. 1967)). An example of that discretion is set out in Federal Rule of Evidence 611, which obliges the Court

to "exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment." Fed. R. Evid. 611; *see also Indus. Risk Insurers v. D.C. Taylor Co.*, No. 06-CV-171-LRR, 2008 WL 11509789, at *8 (N.D. Iowa June 5, 2008) (relying on Rule 611 as justifying limitations on attorneys on direct and cross-examination by more than one attorney). Similarly, trial courts are allowed to exercise their discretion to limit the time to present evidence, *Harris*, 506 F.3d at 1141, as well as the authority to limit the length of time allowed counsel for argument to the jury. *Joplin v. Denver-Chicago Trucking Co.*, 329 F.2d 396, 397 (8th Cir. 1964). The Court has applied these principles to the parties' requests and estimates.

The Court begins with § F. Voir Dire, which states that the parties request twenty (20) minutes per side to conduct voir dire. Filing 60 at 77. Section II.B. of the Court's Civil Jury Trial Deadlines and Practices likewise provides counsel shall "receive twenty (20) minutes per party to conduct voir dire." Thus, the Court agrees to the parties' request for twenty minutes each for voir dire. The Court expects jury selection to be completed before or as soon after 12:00 p.m. as possible on Tuesday, October 15, 2024.

In the Final Pretrial Conference Order, the parties have not stated any time limits for opening statements or closing arguments. Section II.D. of the Court's Civil Jury Trial Deadlines and Practices provides that "each party," ordinarily meaning each side, "is allotted up to thirty (30) minutes for opening statements." The Court deems thirty minutes for opening statements to be appropriate in this case.

Next, as to closing arguments, § II.D. of the Court's Civil Jury Trial Deadlines and Practices provides that "each party," ordinarily meaning each side, "will receive thirty (30)

minutes . . . for closing argument" and that "Plaintiff may reserve up to fifteen (15) minutes for rebuttal." In the Court's experience, closing arguments longer than 30 minutes, even in complicated cases, are counterproductive and a disservice to the jurors. Thus, the parties shall each have thirty (30) minutes for closing arguments, and Plaintiff Nielson may reserve up to fifteen (15) minutes for rebuttal.

Turning to the Final Pretrial Conference Order § J. Length of Trial, "Counsel estimates the length of trial will consume not more than 4 days, and probably about 3.5 days." Filing 60 at 7. The Court finds this estimate to be reasonable in light of the needs of the case, assuming that the estimate includes time for jury selection, closing arguments, and jury instructions. However, because Monday, October 14, 2024, is a holiday, the undersigned has a long-standing commitment on Friday, October 18, 2024, and the undersigned begins a criminal trial on Tuesday, October 22, 2024, the only day available for spillover into the next week is Monday, October 21, 2024. Thus, trial time must be used efficiently.

Given these considerations, the Court must determine and allocate the time for presentation of evidence. The Court will meet with the parties at 8:30 a.m. on the first day of trial on Tuesday, October 15 2024, for a conference. It is possible if not likely that the Court will order further conferences with the parties outside the hearing of the jury at 8:30 a.m. on other trial days. Jury selection will begin at 9:00 a.m. on October 15th. Opening arguments will follow the lunch recess, leaving about three (3) hours for presentation of evidence that day. Presentation of evidence will run from 9:00 a.m. until approximately 4:30 p.m. each day on Wednesday and Thursday, October 16th and 17th, with a noon recess and two fifteen-minute recesses each day, providing six (6) hours each day for presentation of evidence. Presentation of evidence will resume at 9:00 a.m. on Monday, October 21, 2024, and continue for three hours until approximately 12:00 p.m. This

schedule results in a total of eighteen (18) hours for presentation of evidence, with the only possibility for additional time in the early afternoon of Monday, October 21, 2024. Jury instructions and closing arguments will follow as soon after the lunch recess as possible on October 21st.

The Court will allocate the available time for presentation of evidence equally between the parties, that is, nine (9) hours each. Time for presentation of evidence will be charged against the party examining or cross-examining a witness. Nielson may reserve up to three (3) hours of his time to present rebuttal evidence, and if he does so, Union Pacific may reserve up to one-half the amount of time Nielson reserves for cross-examination of rebuttal witnesses. The Courtroom Deputy, Tracy McKibben, will provide the parties with daily tallies of the time they have used. Because of the limited time available for presentation of evidence, the parties are strongly encouraged to work out evidentiary disputes prior to trial.

Accordingly, notwithstanding any different terms of the Final Pretrial Conference Order, Filing 60, or the Court's Civil Jury Trial Deadlines and Practices,

IT IS ORDERED as follows:

1.  Counsel for Nielson and Union Pacific are each allotted twenty (20) minutes for voir dire.

2.  Counsel for Nielson and Union Pacific are each allotted up to thirty (30) minutes for opening statements.

3.  Counsel for Nielson and Union Pacific are each allotted thirty (30) minutes for closing arguments, of which Nielson may reserve up to fifteen (15) minutes for rebuttal.

4.  The trial shall run Tuesday through Thursday, October 15–17, 2024, and continue on Monday, October 21, 2024, within the schedule set out in the body of this Order.

6.	Nielson and Union Pacific shall each have nine (9) hours for presentation of evidence. Nielson may reserve up to three (3) hours of its time to present rebuttal evidence, and if Nielson does so, Union Pacific may reserve up to one-half the amount of time that Nielson reserves for cross-examination of rebuttal witnesses.

7.	In the event any party wishes to file a motion seeking to change anything in this order, that party must first consult with the opposing party to see if the parties can come to an arrangement that will meet the Court's time expectations.

Dated this 2nd day of October, 2024.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge