IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NORMAN NIELSON,<br><br>    Plaintiff,<br><br> vs.<br><br>UNION PACIFIC RAILROAD COMPANY, a Delaware corporation,<br><br>    Defendant. | 8:23CV21<br><br>ORDER REGARDING COURT'S REVISED DRAFT JURY INSTRUCTIONS AND REVISED DRAFT VERDICT FORM<br>AND<br>ORDER REQUIRING SUBMISSION OF REVISED EXHIBIT LIST AND DEPOSITION DESIGNATION OBJECTIONS |

  This matter comes before the Court on various matters in anticipation of the jury trial set to begin on Tuesday, October 15, 2024. These matters involve jury instructions, the Joint Exhibit List, and deposition designation objections.

### I. Jury Instructions

  The Court has reviewed the parties' objections and comments on the Court's first draft of the Jury Instructions and the Verdict Form for this case. Filing 89; Filing 90. The Court now provides the parties with revised versions of the Jury Instructions and the Verdict Form showing all changes from the prior versions with strikeouts and underlining. The Court also provides explanations for adopting or rejecting the parties' requested changes in a new set of annotations.

  In the Order accompanying the Court's first drafts of the Jury Instructions and the Verdict Form, the Court stated,

> Requiring responses is not an invitation to "wordsmith" the Instructions or the Verdict Form. Merely "preferring" different language is not a ground for an objection. Any objections must be based in expected and identified evidence in the case or the nature of the damages requested and the failure-to-mitigate defense,

1

> must provide supporting authority, and must set out proposed alternative language. Failure to meet these requirements will constitute a waiver of any objection.

Filing 81 at 2. Nevertheless, Plaintiff's Response, Filing 89, contained extensive "wordsmithing," which was unlikely to make the Instructions either more correct statements of the law or more helpful to the jurors. Furthermore, Plaintiff purportedly objected to Instruction No. 17, *see* Filing 89 at 1, but he offered no explanation of his objection and no alternative instruction, *see generally* Filing 89. Plaintiff has now waived any objection to Instruction No. 17.

Neither party responded to the Court's direction that "[t]he parties must notify the Court if any depositions will be presented other than by video recording" in a footnote to the prior version of Instruction No. 8, presumably indicating that all depositions will be presented by video recording. However, in an abundance of caution, the parties must now notify the Court immediately whether any depositions will be presented from written transcripts rather than by video recording.

 In the Court's view, Instructions Nos. 1 through 13 are now in their final form—subject to possible modification of Instruction No. 8 if any depositions will be read from transcripts. We will discuss these "preliminary" instructions briefly at the pretrial conference Tuesday morning.

Instructions Nos. 14 through 20 may require further modification in light of the evidence presented at trial. We will have one or more conferences during trial to finalize these "final" instructions. Also, the Court has not yet decided on the final form for the Verdict Form.

## II.  Joint Exhibit List

The Court has also reviewed the parties' Joint Exhibit List, Filing 60-1, filed with the Order on Final Pretrial Conference, Filing 60. The Court notes that Union Pacific objected to six (6) of Nielson's twenty-eight (28) exhibits, while Nielson objects to *all* of Union Pacific's thirty-three (33) exhibits. Nielson asserts the same objection to *all* of Union Pacific's exhibits: "FRE: 401,

402, 801, 802, Foundation." To this list, for Exhibit 112, Nielson adds a Supplemental Doctor's Statement, FRE 701, 702, 45 U.S.C. § 54, and the Court's Order, Filing 53, and for Exhibit 133, a surveillance video, he adds Rule 37(c). The Court finds that Nielson's blanket objections are frivolous and obstructionist and demonstrate no attempt to evaluate individually and in good faith the admissibility of Union Pacific's exhibits. Such blanket objections are clearly contrary to the goal of a just, speedy, and inexpensive determination of this action. *See, e.g.,* Fed. R. Civ. P. 1 (stating that this is the goal of the construction and administration of the Federal Rules of Civil Procedure). They are also likely in violation of the certification imposed by Federal Rule of Civil Procedure 11(b) on every document filed by an attorney that to the best of the attorney's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, that the document is not being presented for an improper purpose listed in Federal Rule of Civil Procedure 11(b)(1)–(4). Consequently, the Court will set a deadline for Nielson to resubmit a Joint Exhibit List demonstrating responsible consideration of the admissibility of Union Pacific's exhibits. Nielson may not add any objections to any exhibits; he may only withdraw objections previously made.

### III. Union Pacific's Mistakes in Deposition Designations

The Court is also now faced with filings from the parties regarding Union Pacific's "mistake" in failing to submit deposition designations for questions on cross-examination for two different depositions. Filing 99. Union Pacific discovered the failure to make designations on questions on cross examination on October 3, 2024, bringing this to the attention of the Plaintiff on that date and requesting cooperation to address the designations that were inadvertently omitted. Filing 99; Filing 106. Plaintiff has refused to cooperate in responding to the additional designations because Union Pacific's cross-examination designations were untimely. Filing 106. Union

Pacific's paralegal on the case signed a mea culpa declaration explaining her mistake in failing to include the cross-examination designations provided to her by a Union Pacific lawyer to be typed up and inserted into the deposition designations to Plaintiff. Filing No. 104.

Obviously, Union Pacific's failure to include cross-examination designations by the deadline provided by this Court was a significant mistake. There is no excuse for it. The Union Pacific attorney on the case should have likewise checked the work of the paralegal before providing designations to the opposing party in compliance with the undersigned judge's civil trial practice order.

That all being said, the moment the Plaintiff received the designations, it would be clear and obvious to any lawyer who has spent time litigating similar cases in Federal Court that Union Pacific obviously forgot to include designations for cross-examination questions on the expert witnesses at issue. Plaintiff's attorney frequently litigates against Union Pacific, including in a trial before the undersigned judge a few years ago, and it is clear to the undersigned judge that any practitioner with experience, including Plaintiff's lawyer, would have understood what happened. Instead of bringing this up right away with Union Pacific or cooperating after the parties discussed this on October 3, 2024, Plaintiff's counsel instead used this "gotcha" opportunity to refuse to cooperate in getting those designations completed. While all this happened initially because of Union Pacific's admitted lack of diligence, Plaintiff decided not to take the courteous path and cooperate, which would have saved the Court a considerable amount of time. The Court now has incomplete designations and counter designations that it intended to rule upon today or early tomorrow. It looks now like the Court will instead have to deal with some of this when the Court is not open. The Court is further disappointed in Plaintiff's approach to this problem given, as noted above, Plaintiff inappropriately objected to every single exhibit listed by Union Pacific on

nearly all possible grounds, thereby wasting more of the Court's time. The Court has also reviewed some objections of Plaintiff to Union Pacific's designations and likewise believes some of said objections may not be made with legal support.

Union Pacific should have been more diligent and less sloppy in providing its designations. Plaintiff should have been courteous and worked to resolve this issue without wasting the Court's time.

Plaintiff has until 12:00 p.m. Monday, October 14, 2024, to provide additional objections to Union Pacific's amended designations.[1] Plaintiff is also ordered to reconsider its objections already filed to Union Pacific's designations. Plaintiff should also be prepared to state on the record the legal support for making every objection to exhibits or to designations that remain.

### IV. Conclusion

Upon the foregoing,

IT IS ORDERED that

1. The parties must notify the Court immediately whether any depositions will be presented from written transcripts rather than by video recording.

2. The parties shall be prepared to make a record on Jury Instructions Nos. 1 through 13 at 8:30 a.m. on Tuesday, October 15, 2024. No deadline is set for further objections to Instructions Nos. 14 through 20 because those instructions will be discussed in conferences during trial. Nevertheless, the parties are encouraged to point out any typographical or other errors in any of the Instructions at their earliest opportunity.

---

[1] Of course, it would be helpful to the Court if Plaintiff provided additional objections to Union Pacific's amended designations by 12:00 p.m. on Friday, October 11, 2024, as this would allow the Court more time to rule on the amended designations and give the parties more time to edit the video depositions. However, the Court has set a deadline of Monday at 12:00 p.m. to give Plaintiff adequate opportunity to address this matter.

IT IS FURTHER ORDERED that providing further opportunities to discuss the Instructions and the Verdict Form is not an invitation to "wordsmith" the Instructions or the Verdict Form. Merely "preferring" different language is not a ground for an objection. Any objections to Instructions Nos. 14 through 20 must be based in expected and identified evidence in the case or the nature of the damages requested and the failure-to-mitigate defense, must provide supporting authority, and must set out proposed alternative language. Failure to meet these requirements will constitute a waiver of any objection. These requirements do not permit a party to reurge an objection that has previously been waived.

IT IS FURTHER ORDERED that not later than 12:00 p.m. on Monday, October 14, 2024, and notwithstanding that October 14, 2024, is a national holiday and that the Courthouse will be closed, Nielson must file a Joint Exhibit List demonstrating responsible consideration of the admissibility of Union Pacific's exhibits. Nielson may not add any objections to any exhibits; he may only withdraw objections previously made. Nielson must also reconsider existing objections to deposition designations and provide objections to Union Pacific's additional designations by the same date and time.

Failure to comply with this directive or engaging in any other obstructionist conduct during trial may result in sanctions pursuant to Federal Rule of Civil Procedure 11(c) and/or the Court's inherent authority.

Dated this 10th day of October, 2024.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge